CLARK, APPELLEE, *v.* CLARK, APPELLANT.

(No. 86AP-869—Decided June 23, 1987.)

*Zacks, Luper & Wolinetz Co., L.P.A.,* and *Barry H. Wolinetz,* for appellee, Myrna Clark.

*Gertner & Gertner* and *Michael H. Gertner,* for appellant, Ransford Clark.

STRAUSBAUGH, P.J. This is an appeal by defendant from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding defendant in contempt. The contempt citation arose from defendant's alleged violation of an agreed judgment entry and divorce decree, filed in August 1985, under which defendant was required to assume and hold plaintiff harmless on certain joint debts.

Plaintiff was granted a divorce from defendant under an agreement which awarded defendant all right, title and interest in the marital residence, provided that defendant assume, pay and hold plaintiff harmless on all debts related to the residence. The decree required defendant to pay plaintiff $26,000 for her interest in the residence, such debt to be secured by a second mortgage. The debt was due within two years of August 2, 1985.

Defendant subsequently filed a petition in bankruptcy pursuant to Chapter 7, Title 11, U.S. Code, on April 25, 1986. Defendant thereafter failed to stay current on the first mortgage on the residence and foreclosure was initiated by the first mortgagee, Society National Bank ("Society"). Plaintiff initiated this suit on June 12, 1986, and requested that the court find defendant in contempt of the divorce decree, alleging that defendant's failure to pay the debt on the first mortgage jeopardized plaintiff's status as second mortgagee. During the pendency of this contempt action, defendant was adjudicated bankrupt, which discharged and released defen-

dant from all dischargeable debts. Plaintiff intervened in that proceeding and succeeded in having the residence abandoned by the trustee in bankruptcy.

The trial court found that plaintiff's petition for contempt was premature insofar as it related to defendant's duty to pay her $26,000. That debt was to be discharged either by sale or within two years, whichever occurred first. Since neither condition had occurred, the petition on that basis was not ripe.

The court, however, did find defendant in technical contempt since he had failed to make the mortgage payments to the first mortgagee. Defendant responded that his release in bankruptcy discharged him from any obligation on those debts. The trial court found that defendant's duty to pay the debts was not dischargeable in bankruptcy since the duty was in the nature of alimony. Accordingly, the court found defendant in contempt for failure to stay current on debts owed on the residential property.

On appeal, defendant makes two assignments of error:

"1. The lower court erred in holding that certain debts to be paid by the defendant and for some of which the plaintiff was to be held harmless were not dischargeable in bankruptcy where the court failed to apply federal law in determining whether provisions in the divorce decree were intended to be in the nature of support or a division of property.

"2. The lower court's judgment 'that the previous order of this court in relation to the payment of certain debts and which required the defendant to assume, pay, keep current and hold the plaintiff harmless on certain debts is (A) not dischargeable in bankruptcy; (B) in the nature of alimony and support and/or maintenance in connection with a divorce decree; and

(C) intended to create an obligation to provide support through the assumption of certain joint debts of the parties; was effective in providing the support necessary to insure that the needs of the plaintiff would be satisfied; and that the previous order of the court was neither excessive nor manifestly unreasonably [sic] under the traditional concepts of spousal support handed down by this court' is against the weight of the evidence."

It is important to note that the issue before us is not whether defendant's debt to plaintiff, as a second mortgagee, was discharged in bankruptcy. The trial court correctly found that debt had not matured. Rather, the issue before the court is whether defendant's obligation to assume, pay, keep current and hold plaintiff harmless on specific debts was discharged by the decree of bankruptcy.

Although defendant raises this issue in his first assignment of error, the complexity of federal-state relations under Section 523(a), Title 11, U.S. Code, invokes two inquiries. The first of these is whether the decree of bankruptcy specifically relieved defendant of his *obligation to plaintiff* to keep current on the first mortgage held by Society.

The relevant portions of Section 523 in effect at the time defendant filed his voluntary petition state:

"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt —

"* * *

"(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit —

"(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had

notice or actual knowledge of the case in time for such timely filing; or

"* * *

"5. to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit or property settlement agreement, but not to the extent that —

"(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

"(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]"

A review of defendant's petition for bankruptcy reveals that the obligation to plaintiff regarding the first mortgage was neither listed nor scheduled by defendant. However, plaintiff was listed as a secured creditor and apparently had actual notice of defendant's filing. Hence, whether or not defendant listed or scheduled the obligation, to the extent that the obligation was a dischargeable debt, it was discharged. Section 523(a)(3), Title 11, U.S. Code. See, *e.g.*, *In re Davis* (S.D. Fla. 1982), 19 Bankr. 487. The precise language of subsection (a)(3)(A) clearly states that, although a debt is neither scheduled nor listed, the creditor with knowledge of the bankrupt's petition must file proof of a claim. Here, plaintiff does not contest that she had notice or ac-

tual knowledge of defendant's petition in time to protect her interests.

Merely because plaintiff had notice of defendant's filing does not, however, necessarily dictate that defendant's obligation to plaintiff was discharged. The second inquiry invoked by application of Section 523(a), Title 11, U.S. Code, is whether the obligation to plaintiff was in the nature of alimony or in the nature of a property settlement. Section 523(a)(5) makes clear that while the latter is dischargeable, the former is not.

Generally, whether the assumption by one spouse of a joint debt is dischargeable or nondischargeable in bankruptcy is determined under federal law. *In re Calhoun* (C.A. 6, 1983), 715 F. 2d 1103, 1107. There are three factors which a court must assess when deciding whether an obligation imposed by a divorce decree is in the nature of alimony, and thus nondischargeable, or is a property division and dischargeable. *Calhoun, supra,* at 1109-1110; Section 523(a)(5), Title 11, U.S. Code. The first is whether the court or the parties "*intended* to create an obligation to provide support through the assumption of the joint debts." (Emphasis *sic*.) *Calhoun, supra,* at 1109. Second, the court should determine whether the debt assumption is necessary to the daily support of the former spouse. *Id.* Finally, the court must decide whether the obligation represents an amount of support which is not unreasonably excessive in light of traditional concepts. *Calhoun, supra,* at 1110.

The court below, in its order of contempt, specifically found that defendant's obligation to assume, pay, keep current and hold plaintiff harmless was "intended to create an obligation to provide support through the assumption of certain joint debts of the parties; was effective in providing the support necessary to insure that

the needs of the Plaintiff would be satisfied; and that the previous order of the Court was neither excessive nor manifestly unreasonably [*sic*] under the traditional concepts of spousal support handed down by this Court." Clearly, this meets the federal standard. Moreover, the court was referred by both parties to the federal cases, and specifically to *In re Calhoun, supra,* as authority for its determination. Assuming, as we must, that the court correctly applied the federal standard, defendant's first assignment of error must fall. It is, accordingly, overruled.

Defendant, in his second assignment of error, argues that even if the court correctly applied the federal standard, the court abused its discretion by issuing a contempt order which is contrary to the manifest weight of the evidence. When reviewing a contempt citation which is claimed to be contrary to the evidence, an appellate court will reverse the order only upon a showing that the lower court abused its discretion. *State, ex rel. Ventrone,* v. *Birkel* (1981), 65 Ohio St. 2d 10, 11, 19 O.O. 3d 191, 417 N.E. 2d 1249, 1250; *Lathrop* v. *Lathrop* (Apr. 14, 1983) Franklin App. No. 83AP-28, unreported. A court abuses its discretion when it issues an order of contempt which is not supported by any competent or credible evidence.

Here, the court had before it sufficient evidence on each of the three *Calhoun* factors upon which it could premise its contempt order. The court found that, because it lacked the power to order the payment of a joint debt other than pursuant to R.C. 3105.18 (A), the order had to be in the nature of alimony. Although this reasoning begs the question, we find that the conclusion was nevertheless correct under the circumstances.

Clearly, defendant's obligation to hold plaintiff harmless on the various debts did not arise under the same paragraphs of the divorce decree which divided the parties' property. Moreover, the nature of defendant's obligation on these debts is quite different from that which characterizes a property settlement. Defendant's obligation arises on a periodic basis as each mortgage or installment payment comes due. Had the obligation been one to assume and hold plaintiff harmless on a debt which was *already* due and owing, the result might be different. As such, the character of these debts militates in favor of a finding that defendant's obligation was intended to be in the nature of alimony and against a finding that the obligation was a property settlement. This result finds further support in plaintiff's testimony on the issue of intent.

Plaintiff's testimony at the hearing on the motion for contempt also established that defendant's assumption of the joint debt was necessary to her daily support. This testimony is uncontroverted and must be accepted as true.

Finally, the record supports a finding that the amount of support was not unreasonably excessive under traditional notions of alimony. The court had before it evidence concerning the various factors set forth in R.C. 3105.18, including the relative earning power of the parties, their ages, relative assets and liabilities, as well as the standard of living to which plaintiff was accustomed. These factors are traditionally considered by courts when making an award of alimony.

Based on the foregoing, defendant's second assignment of error is not well-taken and is overruled. The judgment of the domestic relations court is, therefore, affirmed.

*Judgment affirmed.*

WHITESIDE and MCCORMAC, JJ., concur.