**In the matter of Steve Pearl and Pam Pearl**
*[Cite as 6 AOA 310]*

*Case No. 90AP-307*

*Franklin County, (10th)*
*Decided August 16, 1990*

*Gilbert L. Krone, for Appellant.*

*Jerry L. Bunge, for Appellee.*

WHITESIDE, J.

Petitioner-appellant, Steve Pearl, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises the following assignments of error:

"I. The trial court erred by interpreting appellee's motion in contempt as a complaint to determine dischargeability of a debt under 11 U.S.C. Sec. 523(A) (5), Bankruptcy Code.

"II. The trial court erred in making a determination of dischargeability of a current debt without a prior finding that the appellant was obligated to pay such a debt under the parties' separation agreement.

"III. The trial court's finding that appellant was obligated under the separation agreement to pay a current debt was not supported by any competent, credible evidence.

"IV. The trial court erred in determining the dischargeability of a pre-bankruptcy petition debt by failing to follow the tests outlined in *Calhoun v. Calhoun,* (6th Cir. 1983), 715 F.2d 1103."

Appellant and appellee, Pam Pearl, were granted a dissolution of their marriage on September 22, 1981. The separation agreement entered into by the parties provided that, in relation to the residence owned by the parties: "*** Wife shall have use and possession of the residence. *** Husband agrees to be responsible for, and hold Wife harmless on the mortgage." This real estate, located at 492 Baywood Place, Gahanna, Ohio, is the only real property indicated in the separation agreement as being owned by the parties.

According to appellant's statement of facts, and not contested by appellee, appellant filed a petition in bankruptcy in the United States Bankruptcy Court for the District of Arizona seeking relief pursuant to Chapter 7, Title 11, U.S. Code, on March 14, 1989. Appellant was subsequently discharged on July 5, 1989, pursuant to Section 727 of the Bankruptcy Code.

Appellant ceased making the monthly mortgage payments on the residence, and appellee filed a contempt motion against appellant for violating the separation agreement. While appellant admits being served with the summons, he did not appear at the scheduled hearing. Rather, now appellant contends that he relied upon his discharge in bankruptcy to support his position that he need not appear at the hearing.

On February 12, 1990, the trial court entered an "Order for Payroll Withholding," finding that appellant's obligation to make the mortgage payments was not dischargeable as they were in the nature of support. The court concluded:

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that effective immediately Stephen Pearl shall pay to Pamela Pearl the sum of Five Hundred, Eighty-Two Dollars ($582.00) each month, plus poundage, by payroll withholding, through the Franklin County Support Enforcement Agency."

It is this order from which appellant appeals.

By the first assignment of error, appellant contends that appellee's contempt motion did not properly raise the issue to determine whether appellant's obligation to make the mortgage payments (as per the separation agreement) was discharged in the bankruptcy proceeding. Appellant was discharged pursuant to Section 727, which provides in pertinent part:

"(a) The court shall grant the debtor a discharge ***.

"***

"(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter. ***"

As Section 727(b) indicates, not all debts of the debtor are discharged. Specifically, Section 523(a) (5) provides:

"(a) A discharge under section 727 *** of this title does not discharge an individual debtor from any debt--

"***

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other

order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that--

"***

"(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;" Therefore, if a debt is determined to be a support obligation, as contemplated by Section 523(a) (5), it is not discharged, and the injunctive provisions of Section 524(a)(2)[1] do not apply.

Appellant, in his brief and oral argument, appears to be contending that appellee is required to file a complaint to determine the dischargeability of the debt prior to the trial court's being able to decide the issue. It is appellant's position that, until the issue is resolved, the Section 524(a) (2) injunction prohibits the contempt action.

However, appellant's reasoning is flawed in two respects. The prohibitive injunction of Section 524(a) (2) by its terms does *not* apply to debts which are not discharged. Furthermore, Section 523(c) states:

"Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

In other words, there is an automatic discharge with respect to those claims in Section 523(a) (2), (4), and (6), unless a creditor files a complaint to determine dischargeability with the bankruptcy court. However, this provision does not apply to debts classified under Section 523(a)(5) (support obligations). In such instances, state courts have concurrent jurisdiction with the bankruptcy courts to determine the dischargeability of an alleged support obligation. See *In re Littlefield* (D. Maine 1982), 17 Bankr. 549, 551. See, also, *Clark v. Clark* (1987), 40 Ohio App. 3d 177, wherein this court made a determination of the dischargeability of an alleged support obligation raised in a contempt action filed in the domestic relations court.

Thus, it is clear from the statutory provisions of the Bankruptcy Code and the applicable case law that the determination of whether a debt is in the nature of support so as to be nondischarge-

able pursuant to Section 523(a) (5) is properly raised in a state court of competent jurisdiction by a contempt motion for a debtor's failure to pay the debt. Appellant contends that the contempt notice did not put him on notice that at issue was the dischargeability of his debt to pay the mortgage. However, appellee's "show cause" motion specifically states in pertinent part:

"Pam Pearl moves this Court for an Order for Steve Pearl to appear and show cause why he should not be held in contempt of this court for his violation of the prior orders of this court concerning the payment of support. ***" The memorandum in support goes on to state what the debt is by specifically referring to the mortgage. Furthermore, discharge is an affirmative defense. See Civ. R. 8(C).

Appellant relies upon *Barnett v. Barnett* (1984), 9 Ohio St. 3d 47, which holds in the syllabus:

"The automatic stay provision as provided for in Section 362, Title 11, U.S. Code, is not violative of the Tenth Amendment to the Constitution of the United States insofar as it stays a state court contempt action to enforce a divorce decree dividing marital property."

However, *Barnett* is distinguishable from this case, as *Barnett* focused upon the applicability of the Section 362 automatic stay provision to the division of marital property, not the determination of whether a debt may be classified as support making it an exception to the discharge.

In addition, appellant filed a notice of discharge with the trial court which indicates his awareness of the relevancy of that issue. It was entirely appropriate for the trial court to make the determination of the dischargeability of the debt in the contempt motion brought by appellee. Accordingly, appellant's first assignment of error is not well-taken.

By the second and third assignments of error, appellant contends that the trial court failed to make a determination of whether appellant was even obligated to pay the debt prior to determining that it was nondischargeable. Further, appellant contends that there was no competent, credible evidence to support a finding that he was obligated to pay the mortgage.

To support his position, appellant contends that, because neither the separation agreement nor appellee's affidavit contain the name of the mortgage company as the holder of the mortgage, there is no evidence that he owed the money to the mortgage company. Initially, we note that appellant not only failed to present any evidence

to the contrary, but appellant failed to even appear at the hearing.

Furthermore, the separation agreement, as previously noted, specifically provided that appellant agreed to be responsible for paying the mortgage while the wife used the residence rent free as a home for herself and their child until the child reached majority. In the immediately preceding sentence, the residence was specifically identified. There is no ambiguity in the language of the agreement. If appellant had evidence tending to show that he was not obligated on the mortgage, he failed to present it in the trial court and does not do so now. Accordingly, appellant's second and third assignments of error are not well-taken.

By appellant's fourth assignment of error, he contends that the trial court erred in its determination that appellant's obligation to maintain the mortgage payments was in the nature of support and therefore nondischargeable. The test for making a determination of whether a debt is in the nature of support and, thus, not dischargeable is correctly set forth in *In re Calhoun* (C.A. 6, 1983), 715 F.2d 1103, 1108-1109. First, the court must determine if the assumption of a debt (as we have here) is intended as support and, secondly, "*** whether such assumption has the *effect* of providing the support *necessary ***"* to take care of the former spouse's daily needs. The final inquiry the court must make is whether the amount of the assumption is "manifestly unreasonable under traditional concepts of support."

In formulating this three-part test, the circuit court examined the Senate and House Reports of Section 523(a)(5). Initially, the court properly concluded that direct payments to the former spouse were not necessary to classify the assumption of a debt an nondischargeable. Next, the court noted that federal bankruptcy law, not state law, must be used to make the determination. However, the court also recognized that state law cannot be ignored. While state law is not controlling, it, nevertheless, is the underlying source for guidance as to the relationship to which bankruptcy law is applied. We recognized this principal in *Clark, supra.* See, also, *In re Skaggs* (S.D. Ohio E.D. 1988), 91 Bankr. 1018; *In re Shelton* (S.D. Ohio E.D. 1988), 92 Bankr. 268; and *Thompson v. Thompson* (1986), 27 Ohio App. 3d 296.

Turning to the facts of this case, the record fully supports the trial court's determination that appellant's agreement to assume the mortgage payments on the parties' residence in "in the nature of alimony, maintenance or support" and, therefore, not dischargeable pursuant to Section 523(a)(5). This conclusion is required by the language of the agreement itself. As noted above, the apparent purpose of the promise by appellant to pay the mortgage payments was to provide a rent-free home for appellee and the minor child, although presumably appellee was responsible for maintenance of the residence. Providing a home for a child and former spouse constitutes support. It is this duty to support (not the debt to the mortgagee) that the trial court is enforcing by its order herein. While the trial court perhaps should have been more detailed in its finding, it did find that mortgage payment constitutes support and stated that the decision was based upon Section 523(a)(5).

Appellant, who admittedly knew of the contempt hearing, failed to appear, although his present wife apparently called the court and stated that he had been through bankruptcy. At that hearing, appellant would have been entitled to present any and all evidence to show that his assumption of the joint debt was not intended to have the effect of providing support to appellee. However, having failed to appear and present *any* evidence, appellant cannot demonstrate error in the trial court's decision. The agreement facially supports that decision. Furthermore, appellant does not set forth any facts in his brief to support his position that the assumption of the debt was not in the nature of support.

Looking at the separation agreement of the parties, appellant was paying child support and the mortgage as his only means of support to appellee. As the *Calhoun* court recognized, the assumption of a joint debt by one party will necessarily free up money for the other party for other purposes, including daily support. While not all assumption of joint debts will be classified as nondischargeable, *Calhoun, supra,* where, as here, no other support for former spouse has been provided for, it is clear that the parties intended the mortgage payments as support, *i.e.*, furnishing a place to live. Furthermore, appellant has presented nothing to the contrary. Accordingly, appellant's fourth assignment of error is not well-taken.

For the foregoing reasons, all the assignments of error are overruled, and the order of the Franklin County Court of Common Pleas, Division of Domestic Relation, is affirmed.

*Judgment affirmed.*

REILLY, P.J., and RUMER, J., concur.

RUMER, J., of the Allen County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.

---

[1] Section 524(a) (2) reads:

"(a) A discharge in a case under this title-

"***

"(2) operates an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ***."