SMITH, Appellant,

v.

SMITH, Appellee.

[Cite as *Smith v. Smith* (1992), 81 Ohio App.3d 641.]

Court of Appeals of Ohio,
Ashtabula County.

No. 91–A–1665.

Decided July 2, 1992.

*Alfred E. Dahling,* for appellant.

*Lori B. Lamer,* for appellee.

CHRISTLEY, Presiding Judge.

This is an accelerated appeal from a judgment of the Ashtabula County Court of Common Pleas, finding appellant, Steven L. Smith, Jr., in contempt for failing to comply with the earlier dissolution decree. Specifically, the court found, *inter alia,* that appellant had failed to pay certain medical expenses of the parties' children and had failed to make the loan payments on the motor vehicle of appellee, Cheri L. Smith. The record does not indicate who signed the loan agreement. However, this issue is not determinative as none of the case law cited on this point is dependent on that fact.

Appellant has raised three assignments for review. In his first assignment, appellant submits that the trial court lacked jurisdiction to hear appellee's contempt motion. This argument is predicated upon the fact that on the date the motion was filed, his petition for Chapter 7 bankruptcy was still pending in a federal court.

This court would note that the trial court stayed the motion hearing upon notification of the bankruptcy proceeding. Moreover, the record supports the conclusion that the bankruptcy proceeding had been completed when

the hearing was eventually held. Thus, pursuant to Section 362, Title 11, U.S.Code, the automatic stay of the concurrent state proceedings was no longer applicable. The trial court, accordingly, had jurisdiction to hear and render judgment on appellee's motion.

Under his second assignment, appellant contends that the trial court erred in concluding that his obligation to make the payments on the vehicle constituted a support debt which could not be discharged in bankruptcy. As to this issue, he emphasizes that the separation agreement stated that no alimony would be paid by either party.

It must first be noted that although state courts have concurrent jurisdiction to determine if a particular debt is not dischargeable, federal law applies and controls the decision as to whether an obligation for a debt will be considered as alimony, maintenance or support. *Barnett v. Barnett* (1984), 9 Ohio St.3d 47, 49, 9 OBR 165, 166, 458 N.E.2d 834, 836. As to the liability for payment of a debt by one spouse, a three-part analysis has been employed under federal law to determine if payment of such a debt constitutes support: (1) was the assumption of the debt intended as support; (2) was the assumption necessary to provide for the needs of the spouse; and (3) was the assumption consistent with the traditional concepts of support? *Pearl v. Pearl* (1990), 69 Ohio App.3d 173, 178–179, 590 N.E.2d 315, 318, quoting *In re Calhoun* (C.A.6, 1983), 715 F.2d 1103, 1108–1109.

In applying this standard, the courts of this state have held that the presence of language in a separation agreement as to the forfeiture of alimony rights is not determinative of the issue before us. See, *e.g., Constantino v. Constantino* (Mar. 1, 1985), Mahoning App. No. 83 C.A. 147, unreported, 1985 WL 10391. Instead, the emphasis has been upon the nature of the debt. For example, in *Pearl, supra,* the court simply concluded that the assumption of the mortgage payments constituted support because the money went toward providing a home, a daily need. See, also, *Clark v. Clark* (1987), 40 Ohio App.3d 177, 532 N.E.2d 158, in which the court held that the mortgage debt was in the nature of support because the debt was not due and owing at once, but arose periodically.

In this case, the loan payments for the vehicle clearly fall into the same category as a mortgage obligation. There was also testimony that appellee needed a car to maintain her own employment. In addition, the testimony at the motion hearing showed that the assumption of the debt made it possible for appellee to earn additional support for herself and her children. Under *Clark,* such testimony is relevant to the determination of the proper characterization of the debt. As the record before this court contains some evidence supporting the conclusion that the loan payments were meant to be support,

we find that the trial court did not err in concluding that the debt was not dischargeable.

In his final assignment, appellant maintains that the trial court's judgment as to the medical expenses should be reversed because there is a possibility that he might have to pay certain bills twice. As to this point, it will suffice to note that there was no evidence submitted to support this argument. Should it occur, various avenues of relief are available through the trial court. Thus, this assignment is likewise without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.