**In re James K. WILSON, Jr., Debtor.**

**Phyllis E. WILSON, Plaintiff,**

v.

**James K. WILSON, Jr., Defendant.**

**Bankruptcy No. 3–92–04669.**
**Adv. 93–0012.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Aug. 9, 1993.

Gary C. Schaengold, Dayton, OH, for plaintiff.

Charles A. Johnson and Beverly F. Schmaltz, Dayton, OH, for defendant.

George W. Ledford, Englewood, OH, Chapter 13 Trustee.

## DECISION ON ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF IN PART AND GRANTING SUMMARY JUDGMENT TO DEFENDANT IN PART

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motions for summary judgment filed by both parties. The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I)—determinations as to the dischargeability of particular debts.

### FACTS

The following material facts are undisputed by the parties:

1) On September 1, 1992, the marriage of plaintiff Phyllis E. Wilson and defendant/debtor James K. Wilson, Jr., was dissolved by the Common Pleas Court of Montgomery County, Ohio.

2) The "Final Judgment and Decree of Divorce" (Doc. # 1, Exh. A) of the state court provided for the division of automobiles and other personal property, the assumption of various debts by the parties, and stated that "[n]either party shall pay or receive spousal support from the other party...."

3) The Decree also contains the following provision with respect to the debtor's retirement fund:

11) By virtue of Plaintiff's [husband's] employment at Sinclair Community College, which employment commenced in July, 1973, and the resulting contributions paid into the Public Employees Retirement System (PERS), Plaintiff has a retirement benefit, the marital portion of which is determined to be $20,624.92. To compensate Defendant for her interest therein, as well as to equalize the net assets being retained by the parties, as described hereinabove, the Plaintiff shall pay to the Defendant [wife] the sum of $11,000.

Said sum shall be paid at the rate of $100.00 per month, commencing with the month of August, 1992. Said payment shall be made by Plaintiff directly to Defendant. Should Plaintiff fail to make any two consecutive monthly payments, Defendant may file her Motion requesting the Court order said $100.00 per month withheld from Plaintiff's wages. Any monthly installment payment not timely made by the Plaintiff shall bear interest at the rate of 10% per annum until paid. Should Plaintiff cease his employment prior to a date upon which he can retire and commence receiving a monthly benefit, and receives a lump sum distribution from PERS, he shall pay to Defendant, in lump sum, whatever balance of the $11,000.00 that remains due and owing to the Defendant. Should Plaintiff retire on a date which would entitle him to receive monthly retirement benefits, he shall pay to the Defendant one-half of each monthly retirement benefit check received until the balance remaining of the $11,000.00 due and owing to her has been paid.

Plaintiff shall participate in any procedure or court order requested and/or required by the Defendant in order for her to obtain notice from PERS that a request for benefits, either lump sum or in

monthly payments, have been made by the Plaintiff.

4) On October 26, 1992, the debtor filed a petition in bankruptcy pursuant to chapter 13 of the Bankruptcy Code. Plaintiff was listed as a nonpriority, unsecured creditor in the amount of $11,000 and the debtor's plan proposes to pay her 10% of her claim.

### CONCLUSIONS OF LAW

Pursuant to § 523(a)(5) and § 1328(a) of the Bankruptcy Code, debts that are for "alimony to, maintenance for, or support of" a former spouse are nondischargeable in a debtor's chapter 13 plan, whereas debts that are for a "property settlement" are dischargeable.

In the instant case, the plaintiff requests the court to find that:

> the $11,000 awarded to her in her divorce from the debtor represents her property, that the property is being constructively held by the debtor, and can not be discharged as a debt. Plaintiff further requests this court to order the $11,000 to be repaid within any confirmed plan at 100% and nothing less. Doc. # 7.

▋ In this court's opinion, to analyze the effect of the state court decree, it is necessary to view the decree as being comprised of two components: 1) the order that requires the debtor to pay $100 per month to the plaintiff, and 2) the remaining provisions of the decree affecting the disposition of the retirement account itself. With regard to the funds held in the retirement account, "[m]ost courts have held that an award [by a domestic relations court] to the wife of a portion of her husband's government or military pension became the wife's sole and separate property." *Adamo v. Ledvinka*, 144 B.R. 188, 192 (Bankr. M.D.Ga.1992) (*citing Bush v. Taylor*, 912 F.2d 989, 993 (8th Cir.1990)); *Benich v. Benich* (*In re Benich*), 811 F.2d 943, 945

(5th Cir.1987); *Chandler v. Chandler* (*In re Chandler*), 805 F.2d 555 (5th Cir.1986); *Stolp v. Stolp* (*In re Stolp*), 116 B.R. 131 (Bankr.W.D.Wis.1990); *Corrigan v. Corrigan* (*In re Corrigan*), 93 B.R. 81 (Bankr. E.D.Va.1988); *Mace v. Mace* (*In re Mace*), 82 B.R. 864, 868 (Bankr.S.D.Ohio 1987); *Manners v. Manners* (*In re Manners*), 62 B.R. 656 (Bankr.D.Mont.1986); *Hall v. Hall* (*In re Hall*), 51 B.R. 1002 (S.D.Ga. 1985). This court concurs with the result reached by these courts and agrees with the plaintiff that the state court found that, at the time of the divorce decree, she had an interest worth $11,000 in the debtor's retirement fund:

> Plaintiff has a retirement benefit, *the marital portion* of which is determined to be $20,624.92. To compensate Defendant for *her interest therein*, as well as to equalize the net assets being retained by the parties, as described hereinabove, the Plaintiff shall pay to the Defendant the sum of $11,000.00. Doc. # 1, Exh. A (emphasis supplied).

As a result of the state court decree, on September 1, 1992, the plaintiff became the equitable owner of $11,000 worth of the assets in the debtor's retirement fund, and although the assets are currently held by the Ohio PERS in the name of the defendant, such assets are the plaintiff's sole and separate property. This portion of the retirement fund is, therefore, not part of the debtor's bankruptcy estate and not subject to the jurisdiction of this court:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).[1]

---

**1.** By reason of the Supreme Court's decision of *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), there may be an issue of whether any of the debtor's PERS retirement fund is property of his bankruptcy estate. However, the plan administrator is not a party to this action, the plan has not been submitted to the court, and neither party has

raised the issue. Therefore, this court will not rule on whether the debtor's retirement fund became property of his bankruptcy estate.

Although the plaintiff's interest in the retirement fund is not within this court's jurisdiction, it is still necessary to determine the extent to

Despite the fact that the award to the plaintiff of one-half of the debtor's retirement fund was a property settlement, and not alimony or support,[2] § 523(a)(5) is not relevant to this portion of the state court decree. This portion of the property settlement, i.e., the award of one-half of the marital asset, was made prior to the debtor's filing of a petition in bankruptcy and has therefore already been executed by virtue of the state court decree. As a result, it is clearly not a "debt" owing to the plaintiff on the date the debtor filed bankruptcy. A state court's award of one-half of a debtor's retirement fund to a former spouse is no different in principle than awarding the marital residence to a former spouse, although, in the instant matter, the plaintiff's enjoyment of the asset apparently will be postponed. Because the asset is outside of this court's jurisdiction, it is the province of the state courts to determine the methods available to the plaintiff to reach the retirement fund asset.

▆ The second inquiry is to determine the effect of the debtor's obligation to pay $100 a month to the plaintiff until a total of $11,000 has been paid. This court finds unpersuasive the suggestion that the order to pay $100 a month is not a debt.[3] Under the Bankruptcy Code a "debt" is "liability on a claim," 11 U.S.C. § 101(12), and the definition of a "claim" is extremely broad:

"Claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisput-

ed, legal, equitable, secured, or unsecured. 11 U.S.C. § 101(5).

If the obligation to pay $100/month is viewed as "part" of the property settlement ordered by the state court, then it is clearly dischargeable under § 523(a)(5). Alternatively, the provision may be characterized in economic terms as calling for "advance payments"[4] or as an order forcing the debtor to "buy-out" or "buy-back" the plaintiff's interest in the retirement account.[5] Under either analysis, the court finds that as decreed by the state court the $100/month constitutes a "right to payment" *from assets of the debtor* and is therefore a "debt" within the meaning of the Bankruptcy Code and not subject to the exception of § 523(a)(5). In plainer language, if the debtor does not wish to exercise his opportunity to "purchase" the plaintiff's interest in the retirement fund, he does not have to do so, but his decision does not divest the plaintiff of any judicially declared ownership rights in the retirement fund. The effect of the debtor's election will be subsequently determined by state law and the state courts.

At this time, the debtor does not have possession of or control over the plaintiff's portion of the retirement fund. Once he is able to receive benefits from the PERS, he will be able to receive the plaintiff's portion of assets, and, presumably, the state court will then regard the debtor as a constructive trustee of the *plaintiff's assets.* Although this court is relieving the debtor from any obligation to currently pay $100

---

which the divorce decree imposes binding obligations upon the debtor.

2. In her motion for summary judgment, the plaintiff concedes that the assets awarded to her represent a property settlement, and urges the court to adopt an alternative theory, i.e., that the retirement funds are being held in constructive trust by the debtor. *See* Doc. #7.

3. Although it is not entirely clear, the plaintiff appears to cite the leading case of *Bush v. Taylor,* 912 F.2d 989 (8th Cir.1990), to support the proposition that monthly payments to a former spouse on account of a retirement fund are not payments of a "debt," but rather represent the former spouse's share of her sole and separate

property. The crucial distinction between *Bush* and the instant matter is that in *Bush* retirement checks were already being received by the retired spouse, and therefore he was clearly holding funds that belonged to the former spouse. Here, no retirement benefits are being currently received by the debtor, and the payments of $100/month to the plaintiff are coming from the debtor's own property, not the sole and separate property of the plaintiff.

4. This was the case in *Lelak v. Lalek* (*In re Lelak*), 38 B.R. 164 (Bankr.S.D.Ohio 1984).

5. After the debtor has paid a total of $11,000, he will own the entire interest in the retirement fund.

per month, the following provisions of the state court decree are not affected by this proceeding. They remain in effect because they govern the manner in which the debtor is to dispose of the *plaintiff's property* (i.e., the plaintiff's property is still subject to the conditions imposed by the state court) and therefore do not represent a debt owed by the debtor to the plaintiff:

Should Plaintiff cease his employment prior to a date upon which he can retire and commence receiving a monthly benefit, and receives a lump sum distribution from PERS, he shall pay to Defendant, in lump sum, whatever balance of the $11,000.00 that remains due and owing to the Defendant. Should Plaintiff retire on a date which would entitle him to receive monthly retirement benefits, he shall pay to the Defendant one-half of each monthly retirement benefit check received until the balance remaining of the $11,000 due and owing to her has been paid.

Plaintiff shall participate in any procedure or court order requested and/or required by the Defendant in order for her to obtain notice from PERS that a request for benefits, either lump sum or in monthly payments, have been made by the Plaintiff.

For the foregoing reasons, the court finds that the defendant/debtor's obligation to pay the plaintiff $100 a week to be dischargeable in the debtor's bankruptcy proceeding. The court further finds that pursuant to the divorce decree the plaintiff's interest in debtor's retirement fund is $11,000 and that all other provisions of the divorce decree remain valid and binding upon the debtor. Judgment will be entered in accordance with this decision.

IT IS SO ORDERED.

### JUDGMENT

In accordance with the Decision entered this same date, it is hereby ORDERED, ADJUDGED AND DECREED that the current obligation of defendant James K. Wilson, Jr., to pay plaintiff Phyllis E. Wilson $100 per month is declared dischargeable under the Bankruptcy Code. It is further ORDERED that plaintiff is the owner of $11,000 interest in defendant's retirement fund and all other provisions of the "Final Judgment and Decree of Divorce" of the parties remain in effect.