OPINION
Defendant-appellant, Kevin E. O'Brien, appeals an order of the Clermont County Court of Common Pleas, Domestic Relations Division, (1) ordering him to pay child support for his oldest son until his son had completed summer school to receive the one-half credit he needed to graduate from high school, and (2) finding appellant in contempt for "his attempted interference with [plaintiff-appellee, Vickie Lynn O'Brien's] access to [appellant's] health insurance."
The parties were divorced in 1993. They have two children, Joshua (d.o.b. October 27, 1977) and Kyle (d.o.b. August 24, 1982). By entry filed May 2, 1995, the trial court terminated the parties' shared parenting agreement and designated appellee as the residential parent and legal custodian of both children.
When Joshua turned eighteen years old on October 27, 1995, he was in his final year of high school. Joshua was, however, unable to graduate with his class on June 4, 1996 because he needed an additional one-half credit to graduate. Joshua thereafter went to summer school for a three-week course ending July 19, 1996 and received the necessary one-half credit to graduate.
On June 28, 1996, Joshua had his wisdom teeth removed. Appellant was obligated under court order to provide health insurance for both children. Learning that his insurance company would pay for the surgery, appellant contacted his insurance company and requested that payment be postponed until further notice "due to the fact that [appellee] ha[d] failed to follow the guidelines of the divorce decree and the fact that the matter of [Joshua's] emancipation [was pending before the court]." However, because the insurance company's policy covered Joshua until he turned nineteen years old, the company issued a payment in August 1996.
On August 21, 1996, appellant filed a motion, inter alia, to emancipate Joshua effective June 4, 1996 and to terminate child support with regard to Joshua effective June 4, 1996. On September 4, 1996, appellee filed a motion for contempt. By decision filed September 18, 1996, the magistrate recommended that (1) Joshua be emancipated effective July 19, 1996, (2) that appellant's child support obligation with regard to Joshua terminate effective July 19, 1996, and (3) that appellant be found in contempt for his attempted interference with appellee's access to his health insurance. By decision and entry on objections filed October 23, 1996, the trial court held that Joshua was emancipated effective July 19, 1996 and that appellant was in contempt of court for interfering and attempting to stop insurance coverage when he was court-ordered to provide medical insurance for Joshua.
Appellant timely filed this appeal and raises two assignments of error. Under his first assignment of error, appellant argues that the trial court erred in failing to terminate child support for Joshua on June 4, 1996, the date Joshua ceased attending an accredited high school on a full-time basis.
R.C. 3109.05(E) states in relevant part that "[n]otwithstanding [R.C.] 3109.01 * * *, if a court issues a child support order under this section, the order shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school."
The trial court found that after June 4, 1996, Joshua was no longer in high school on a full-time basis. However, the particular circumstances of this case beg the question: how can one be in high school on a full-time basis when one only needs a one-half credit to graduate?
We disagree with appellant that as soon as Joshua was no longer a full-time student, appellant was no longer obligated to support him. "The operative words of [R.C. 3109.05(E)] * * * are that a support order shall remain in effect beyond the child's eighteenth birthday as long as the child is attending high school." Montgomery v. Webb (Oct. 12, 1994), Montgomery App. No. CA 14228, unreported. Similarly, R.C. 3103.03(B)[1] provides that "both parents have a duty to support the child until he graduates from high school." Masterson v. Minadeo (May 5, 1994), Cuyahoga App. No. 65437, unreported.
In the case at bar, it was clearly in Joshua's best interest to go to summer school so that he could complete high school and graduate. See Swanson v. Swanson (1996), 109 Ohio App.3d 231,237. Joshua completed his graduation requirements a mere six weeks after full-time high school let out.
We therefore hold that under the exceptional circumstances of this case, the trial court did not err in extending appellant's child support obligation with regard to Joshua to July 19, 1996, the day Joshua actually graduated from high school, rather than June 4, 1994, the day Joshua's class graduated. Appellant's first assignment of error is overruled.
Under his second assignment of error, appellant argues that it was error for the trial court to find him in contempt for "attempted interference with [appellee's] access [to his] health insurance" when health insurance was in fact provided and when the medical bill regarding the removal of Joshua's wisdom teeth was paid.
R.C. 2705.02 states in part:
 A person guilty of any of the following acts may be punished as for a contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer.
"Civil * * * contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by noncompliance." Woloch v. Foster (1994), 98 Ohio App.3d 806,813. It is well-established that a trial court's contempt order will not be reversed by a reviewing court unless there has been an abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. A court abuses its discretion when it issues an order of contempt which is not supported by any competent or credible evidence. Clark v. Clark (1987), 40 Ohio App.3d 177, 180.
After thoroughly reviewing the record, we find that the trial court's contempt order is not supported by competent or credible evidence. While it is undisputed that appellant attempted to temporarily stop insurance coverage by requesting by letter to his health insurance carrier that payment be postponed until the issue of Joshua's emancipation was resolved, appellant never actually stopped providing health insurance for Joshua, nor did appellant request that health insurance be no longer provided for Joshua. While we do not condone appellant's attempt to temporarily stop coverage, we find that it does not amount to an actual disobedience to appellant's court-ordered obligation to provide health insurance for both his children. We therefore hold that the trial court's contempt order was an abuse of discretion. Appellant's second assignment of error is well-taken and sustained.
Judgment affirmed in part and reversed in part.
YOUNG, P.J., concurs.
KOEHLER, J., concurs in part and dissents in part.
[1] R.C. 3103.03(B) states that:
 Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children, including the duty of a parent to pay support pursuant to a child support order, shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school. that duty of support shall continue during seasonal vacation periods.