DECISION AND JUDGMENT ENTRY
This is an appeal from a ruling of the Meigs County Court of Common Pleas, which denied appellant's motion for relief from judgment pursuant to Civ.R. 60(B). Appellant Alice M. Ratliff-Wooten raises the following assignments of error for our review:
 ASSIGNMENT OF ERROR I: THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S CIV.R. 60(B) MOTION BECAUSE SUFFICIENT EVIDENCE WAS PRESENTED AT HEARING TO SUPPORT THE ELEMENTS FOR CIV.R. 60(B) RELIEF FROM JUDGMENT.
 ASSIGNMENT OF ERROR II: THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY BASING ITS JUDGMENT DENYING APPELLANT'S CIV.R. 60(B) MOTION ON THE GROUNDS APPELLANT DID NOT PRESENT SUFFICIENT CLEAR AND CONVINCING EVIDENCE OF THE ELEMENTS NECESSARY FOR VACATING A JUDGMENT.
 FACTUAL STATEMENT
The appellant Alice M. Ratliff-Wooten and appellee Frederick A. Wooten, Jr., were married on October 2, 1983. In 1989, the appellant became majority owner in a new hairstyling business known as Current Headlines, Inc. The parties borrowed $74,000, which they utilized as start-up capital for this business and had successfully repaid the loan by 1996. The appellant's hairstyling business has been in continuous operation since it opened in 1989.
In 1996, the parties began to experience marital difficulties and voluntarily separated for approximately six months. They reunited in early 1997, but maintained separate bank accounts and shared responsibility for living expenses. On March 26, 1999, the parties filed a petition for dissolution of their marriage with the Meigs County Court of Common Pleas. A properly executed separation agreement, signed by the parties, witnessed and notarized, was filed with the petition.
On May 3, 1999, the trial court held a final hearing on the petition for dissolution of the marriage of the parties. Both parties appeared and testified under oath. The substance of the testimony was that the parties had entered into the separation agreement voluntarily; that they were satisfied with the terms of the agreement; and that they both wanted their marriage dissolved pursuant to the terms of the agreement. The trial court thereupon entered a decree of dissolution of marriage which incorporated the separation agreement of the parties and the terms contained therein as part of the court's order and decree.
On July 19, 1999, the appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B) requesting the trial court to set aside the entire decree of dissolution, including the separation agreement. In her motion, and now on appeal, the appellant contends that the dissolution of her marriage, and the resulting property distribution pursuant to the separation agreement, was no more than a calculated scheme to prevent the Internal Revenue Service [hereinafter IRS], as well as other creditors, from levying execution upon the marital domicile of the parties.
The record discloses that the appellant's hairstyling business experienced financial difficulties in 1997 and 1998, and that the business failed to pay certain taxes during this period. On February 12, 1999, the IRS notified Current Headlines, Inc., of the possibility that it would file a federal tax lien unless the delinquency, in the amount of $28,980, was paid in full. The appellant alleges that she confronted her husband with her financial difficulties, and that she proposed a facade dissolution as a solution. She claims that both parties agreed to pursue formal dissolution of their marriage to prevent the IRS from filing a tax lien upon their marital residence, but that their marital relationship would remain essentially the same after the dissolution, and that they would continue to share marital assets. The appellant acknowledges that she lied to the trial court at the hearing on the dissolution of marriage in that she did not really intend to terminate her marriage.
The appellee denies that there was any agreement between the parties to continue their marriage, or any agreement to continue to share marital assets, subsequent to the dissolution. He claims that he intended to terminate his marriage when he signed the separation agreement, and that he did not mislead the trial court at the hearing. The appellee also denies that the parties ever discussed using the dissolution as a means to avoid creditors' liens. Rather, he claims that he agreed to mortgage the marital residence for $15,000, after receiving the appellant's interest in the property, and that he would give the appellant the proceeds of the loan for payment on the tax delinquency to the IRS.
The record shows that the parties continued to live together for approximately two weeks after dissolution of their marriage. The parties dispute whether they continued a typical marital relationship during this time. In mid-May 1999, the appellee declared the marriage over, and the parties separated. The parties have lived separate and apart since that time.
The parties divided their marital assets pursuant to the terms of the separation agreement, with sole ownership of the marital residence going to the appellee, and sole ownership of the hairstyling business going to the appellant. These assets were not appraised prior to execution of the agreement, and there was divergent testimony at the hearing regarding their respective values. The appellant estimated her business to be worth $5,000, and the marital residence to be worth $100,000 to $150,000. The appellee opined that the appellant's business was worth $200,000, and he testified that the marital residence had been appraised for $100,000.
In addition to the real estate and business division, the record shows that the appellant received his 401(K) plan in the amount of $36,188, and personal property of approximately $10,000. The appellant received her IRA of at least $6,000, personal property of at least $2,500, a Ford Explorer in the amount of $6,500, and a cash payment from the appellee in the amount of $14,500.
The parties do not dispute that the appellee did in fact mortgage the marital residence after obtaining sole ownership of it, and that he gave the proceeds, in the net amount of $14,500 after fees, to the appellee, who used the money to pay her business debt to the IRS. However, the allocation of responsibility for payment of this loan was not specifically provided for in the separation agreement. The record shows that the appellant made the first two payments, but that the appellee later reimbursed her for these payments, and that he has made all other payments on this mortgage loan.
The decision to grant or deny a motion for relief from judgment under Civ.R. 60(B) is in the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed. D.G.M. v.Cremeans Concrete Supply Co. (1996), 111 Ohio App.3d 134, 141,675 N.E.2d 1263, 1267. Moreover, the appellant has the burden to show that the trial court abused its discretion in denying a motion for relief from judgment. Pittsburgh Press Co. v. Cabinetpak (1984),16 Ohio App.3d 167, 168, 475 N.E.2d 133, 135. For purposes of appellate review, "[a]n abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary." Southern Ohio Coal Co. v.Kidney (1995), 100 Ohio App.3d 661, 667, 654 N.E.2d 1017, 1020, citingFranklin Cty. Sheriff's Dept. v. State Emp. Relations Bd. (1992),63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30-31, Wilmington Steel Products,Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122, 573, N.E.2d 622, 624.
 I
In her First Assignment of Error, the appellant claims that the trial court abused its discretion in denying her Civ.R. 60(B) motion, because sufficient evidence was presented at the hearing to support the requisite elements of the motion. We disagree.
In order to prevail in a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate all of the following: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of those grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. D.G.M., supra.
In this case, the appellant satisfied the third requirement. Appellant's motion was filed in the trial court some two months after the judgment entry of the dissolution decree. There was no unreasonable delay in the filing of the motion, and it was made within the one-year time limit of Civ.R. 60(B)(1) through (3). Perez v. Bush (1993),63 Ohio Misc.2d 423, 631 N.E.2d 192. Thus, the motion was timely filed.
However, the appellant failed to establish entitlement to relief under Civ.R. 60(B). On appeal, the appellant argues that the parties' separation agreement was unenforceable due to lack of mutual consent because of fraud and mistake. In re Whitman (1998), 81 Ohio St.3d 239,690 N.E.2d 535. Under Civ.R. 60(B)(3), a judgment can be set aside for fraud, misrepresentation, or other misconduct of an adverse party. As we read the appellant's argument, the alleged fraud and mistake in this case relate to a collusive collateral agreement to defraud creditors, and the parties alleged agreement to misrepresent their intention to the trial court.
The appellant claims that, but for appellee's fraudulent misrepresentation to her that he would in fact participate in the alleged scheme and continue their relationship after the dissolution, she would not have agreed to the terms of the settlement agreement. Appellant asserts that fraud and mistake are evidenced by the fact that the parties continued to live together for a number of weeks after the final dissolution entry; the fact that the $15,000 loan was not included in the separation agreement; the fact that the parties disagreed who was to be responsible for making payments on the loan; and the alleged disparity in the division of the parties' assets in the separation agreement.
We agree with the trial court that the appellant failed to present sufficient evidence that she was defrauded by the appellee, or that she was entitled to relief based on her mistaken reliance on his representations. The evidence fails to support the appellant's claim that the parties sought dissolution of their marriage in order to avoid creditor liens. In the end, a mortgage was placed on the marital residence to secure payment of the tax debt. As was pointed out by the appellee at the hearing, this could have been done without going through with dissolution proceedings. In addition, the asset distribution contained in the separation agreement was not so unfair as to evidence fraud.
Moreover, even assuming the existence of the alleged scheme, the appellant cannot prevail. Any lack of assent in this case is related to an alleged agreement between the parties to defraud their creditors and commit fraud upon the court. It is well established that "neither party to a fraudulent [agreement] can be aided in a court of justice, but that they will be left in exactly that position in which they have placed themselves by their covinous and fraudulent transactions." Pride v.Andrews (1894), 51 Ohio St. 405, 414, 38 N.E. 84, 87.
It is a familiar legal maxim that he who seeks equity must do equity. The appellant, having devised an alleged scheme to defraud her creditors and commit fraud upon the court, cannot now rely upon the equitable jurisdiction of the courts to relieve her from her bargain, based on her mistaken belief that the appellee was in accord with the scheme. See,e.g., Gambill v. Gambill (Jan. 31, 1991), Miami App. No. 89 CA 70, unreported, (trial court did not abuse its discretion when it refused to vacate a judgment for reason of fraud where the party seeking relief participated in the fraud).
For all these reasons, we find that the trial court did not abuse its discretion in finding that the appellant failed to establish grounds for relief under Civ.R. 60(B). The appellant's evidence failed to establish fraud or material misrepresentation on the part of the appellee. And, even if the evidence did compel such a finding, appellant cannot now obtain equitable relief from the court for a judgment which she sought as a means to defraud creditors, and in which she participated to obtain that judgment, by committing a fraud upon the court.
We need not address whether or not the appellant has a meritorious defense or claim in this case, because she has failed to satisfy the three requirements necessary to be entitled to relief pursuant to a Civ.R. 60(B) motion. Specifically, appellant has failed to establish that she is entitled to relief on any of the grounds enumerated in Civ.R. 60(B). Vaughan v. Vaughan (1998), 131 Ohio App.3d 364, 722 N.E.2d 578.
Accordingly, the appellant's First Assignment of Error is overruled.
 II
In her Second Assignment of Error, the appellant argues that the trial court erroneously applied a clear and convincing evidence standard in deciding her motion, and thus held her to a higher burden of proof than is required for Civ.R. 60(B). As discussed above, the appellant claims fraud as a basis for relief. The appellant also claims mistake as a basis for relief. However, her argument clearly sounds more in the nature of misrepresentation under Civ.R. 60(B)(3). Evidence of fraud must be made by clear and convincing evidence in order to justify the vacation of a judgment under Civ.R. 60(B)(3). Carson v. Carson (1989),62 Ohio App.3d 670, 677, 577 N.E.2d 391, 396 (Jones, P.J., dissenting), citing Wilson v. Wilson (1968), 14 Ohio App.2d 148, 237 N.E.2d 421. See, also, Hardman v. Chiaramonte (1987), 39 Ohio App.3d 9, 11, 528 N.E.2d 1270,1273 ("[o]ne who asserts that a judgment has been obtained through fraud has the burden of proving the assertion by clear and convincing evidence"). Hence, the trial court did not err in applying a clear and convincing evidence standard, since the grounds for relief were fraud and misrepresentation pursuant to Civ.R. 60(B)(3). We, therefore, overrule the appellant's Second Assignment of Error.
The judgment of the trial court is accordingly affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., and Abele, J.: Concur in Judgment and Opinion.
 ________________________________ David T. Evans, Judge