803 P.2d 129

**David W. JORDAN,
Petitioner/Appellant,**

v.

**Diane L. JORDAN,
Respondent/Appellee.**

**No. 2 CA–CV 90–0160.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 18, 1990.

Gabroy, Rollman & Bosse by Lyle D. Aldridge, Tucson, for petitioner/appellant.

Scott MacMillan Baker, Tucson, for respondent/appellee.

OPINION

LIVERMORE, Presiding Judge.

This appeal from an order enforcing a California judgment for spousal support raises issues concerning the effect of bankruptcy proceedings on the enforceability of that judgment. The judgment was entered in May 1986. On September 30, 1988, the husband filed for bankruptcy resulting in a discharge of debts on February 10, 1989. The wife sought to intervene in the bankruptcy proceeding to contest dischargeability of her debt but her complaint was dismissed with prejudice as untimely. She then brought this action. The trial court found that the judgment for spousal support was not discharged in bankruptcy. The husband's appeal contends that the bankruptcy judgment is res judicata and that even if it is not he should be allowed to establish that what was purportedly a spousal support award was actually a property settlement. Because we agree with the second argument, we reverse.

Appellant husband's first argument is that because the wife's effort to contest dischargeability in the bankruptcy proceeding was dismissed "with prejudice" that dismissal must be treated as a decision on the merits precluding further assertion of the claim that the spousal support judgment was not discharged. The order of dismissal in this case reads:

THIS MATTER, having regularly come by hearing before the Court, and it appearing that the Complaint to Determine Dischargability was filed later than is allowed by statute; and that counsel

could have filed the Complaint despite the problem with the runner service; and that, therefore the Plaintiff has lost her right to challenge or object to the discharge of the debts of Debtor,

IT IS ORDERED that the above matter be and is hereby dismissed with prejudice.

Ordinarily a dismissal with prejudice is treated as a final adjudication on the merits. On the facts of this case it should not be because the bankruptcy code contemplates that dischargeability of spousal support awards may be contested in either the bankruptcy proceeding or in proceeding to enforce a judgment. See Advisory Committee Note to Bankruptcy Rule 4007, 11 U.S.C.A. Indeed, the bankruptcy judgment in this case expressly did not discharge any non-dischargeable spousal support judgment. It is clear from the order of dismissal that it was based on an untimely filing and not on an adjudication on the merits. The phrase "with prejudice" can only mean that the bankruptcy court will not again hear the wife's claim. That, however, does not preclude another court system from hearing that claim in a timely action brought in that system. 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 369 (1981). The wife, having the right to contest dischargeability in either the bankruptcy court or the courts of this state, did not lose her right to the latter by an untimely filing in the former. It would surely be anomalous for a judgment that by its terms does not discharge spousal support judgments to be treated as having so discharged this judgment because the court refused on procedural grounds to hear the issue.

■ Under 11 U.S.C. § 523(a)(5) a bankruptcy discharge does not discharge a debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

＊ ＊ ＊ ＊ ＊ ＊

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Thus, the law provides, as did the judgment in this case, that spousal support awards are not discharged. It also provides, however, that something labelled spousal support is discharged if the obligation is in fact not one for spousal support. Appellant husband offered evidence that what was labelled support was in fact a property settlement. The trial court refused to hear the evidence on the ground that it was a collateral attack on a California judgment. Assuming that such a characterization is apt, the attack is nonetheless permitted, indeed required, by federal law. The same law that permits the wife to establish that a debt is not discharged because it is a spousal support award permits the husband to establish that it is discharged because the award was not for spousal support. See generally *Martin v. Henley*, 452 F.2d 295 (9th Cir.1971).

The judgment is reversed and the matter remanded for further proceedings.

HATHAWAY and LACAGNINA, JJ., concur.