### In re Michael Len BALL.

### Bankruptcy No. 94–16466 S.

United States Bankruptcy Court,
E.D. Arkansas,
Hot Springs Division.

May 9, 1995.

J. Sky Tapp, Hot Springs, AR, for Sherree Gnau.

Richard Henry, Hot Springs, AR, for debtor.

Frederick Wetzel, Trustee, Little Rock, AR.

---

### ORDER DENYING MOTION TO REOPEN ESTATE

MARY D. SCOTT, Bankruptcy Judge.

■ THIS CAUSE is before the Court upon the creditor's "Motion to Reopen Es-

---

tate" filed on May 2, 1995. The creditor Sherree Gnau, the ex-spouse of the debtor, seeks to have the case reopened in order that it may be dismissed for bad faith.[1] Specifically, Gnau asserts that the case was filed solely to frustrate her efforts regarding court-ordered support for herself and her children. Assuming the allegations of the motion to be true, there is no cause established for reopening the case to hear the motion to dismiss because the bankruptcy case has no effect upon Gnau's state court remedies. Indeed, subject to any other intervening orders of the state court, there appears to be no impediment to Ball being immediately incarcerated pursuant to the arrest warrant issued by the Chancery–Court.

■ The motion to reopen must be denied because there is no relief to be offered by this Court. By dismissal of the bankruptcy case, Gnau seeks to ensure that her state court remedies continue to exist. However, all of the state court remedies available to her continue to exist despite the discharge of the debtor under Chapter 7 of the Bankruptcy Code. Debts in the nature of child and spousal support are nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). Accordingly, now that the discharge has been entered, and the automatic stay no longer exists, 11 U.S.C. § 362, Gnau is free to resume her actions against the debtor, including requesting that the arrest warrant be acted upon by the sheriff.[2]

■ Should the debtor have a good faith basis for asserting that the debts are not in the nature of child or spousal support, those arguments may be raised before the Chancery Court since that court has concurrent jurisdiction with the bankruptcy court to determine the dischargeability of support debts. Inasmuch as the Chancery Court is familiar with the case, it is judicially economical for that court to make such a determination.

1. The Court does not address the issue of whether such a motion may be properly made by a party in interest. See 11 U.S.C. § 707(a) (setting forth grounds for dismissal in a Chapter 7 case).

2. The Court also notes that the bankruptcy may have been of some benefit to Gnau. Now that

Since Gnau is free to proceed in state court against the debtor with the actions that are pending there, there is no cause for reopening this case to hear a motion to dismiss. Assuming that the debtor in fact filed this case to thwart the Chancery Court orders and Gnau, debtor was under a misapprehension. The filing of the bankruptcy case, at most, merely delayed the action pending before the state court. The debtor is now subject to all of the remedies of Gnau and subject to the powers of the state court, including the power to incarcerate the debtor for contempt.

**ORDERED** that the Motion to Reopen Estate, filed on May 2, 1995, is DENIED.

**IT IS SO ORDERED.**

debtor's general unsecured debts have been discharged, debtor will have fewer defenses available to him. Having been granted a "fresh start" he should now be able to comply with the state court orders regarding his support obligations.