**BALLINGER, Appellee,**

**v.**

**BALLINGER, Appellant.**

[Cite as *Ballinger v. Ballinger* (1995), 107 Ohio App.3d 358.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA95–05–015.

Decided Nov. 13, 1995.

*Rosemary Sova,* for appellee.

*William J. Fleck, Jr.,* for appellant.

KOEHLER, Judge.

Defendant-appellant, Stephan D. Ballinger, appeals a decision of the Madison County Court of Common Pleas, which determined that appellant's assumption of a marital debt, upon dissolution of his marriage, was nondischargeable in bankruptcy.

Appellant and plaintiff-appellee, Judith L. Ballinger, were married on November 30, 1963. On August 23, 1984, the parties' twenty-one-year marriage was dissolved. Two children were born as a result of the union, one of whom was emancipated when the marriage was dissolved. At the time of dissolution, appellant was employed as a police officer, earning approximately $24,000 per year. Appellee was employed as a waitress, earning approximately $5 per hour.

On June 14, 1984, the parties executed a separation agreement ("agreement") which settled the parties' rights and responsibilities. The agreement provided that appellant was to assume and hold appellee harmless from all joint indebtedness incurred by the parties through April 15, 1984. The indebtedness which appellant agreed to assume included a debt owed on the marital residence and a debt owed to Bank One secured by a boat which was in appellant's possession. The agreement also provided that:

"Husband's [appellant's] obligation to pay debts as stated herein and property settlement shall not be deemed dischargeable in the event a Bankruptcy action is filed and approved by the Federal Bankruptcy Court."

Subsequently, appellant failed to maintain the mortgage on the marital residence and the property became subject to a foreclosure action. On August 20,

1984, the parties executed an addendum to the agreement which determined the parties' obligations in terms of the pending foreclosure action. The trial court incorporated the parties' separation agreement and the addendum into the decree of dissolution. Appellee was awarded custody of the unemancipated child, and appellant was ordered to pay child support in the amount of $30 per week. Appellee did not receive an award of spousal support.

Several months after the dissolution, appellant filed a Chapter 7 bankruptcy action and listed the Bank One boat loan as one of his debts. Appellant was granted a discharge by the bankruptcy court.

Several years later, appellee received notice that a judgment had been taken against her for the boat debt which appellant had been ordered to pay pursuant to the dissolution decree. Appellee paid the sum of $7,500 to Bank One in satisfaction of the boat debt. Appellee then filed a motion with the trial court seeking an order requiring appellant to reimburse her for the amount she paid to Bank One in satisfaction of the boat debt.

The trial court ruled in favor of appellee, finding that the assumption of the boat debt by appellant as required by the dissolution decree was nondischargeable in bankruptcy because the payments were in the nature of alimony, maintenance, or support. It is from this decision that appellant now appeals, setting forth the following assignment of error:

"The trial court erred in ruling that the defendant-appellant was not discharged in bankruptcy on his obligation to pay and hold the plaintiff-appellee harmless on a debt (specifically, Bank One) pursuant to an agreement to do so as contained in a Separation Agreement incorporated into a Judgment Decree of Dissolution."

In his sole assignment of error, appellant contends that the trial court erred in determining that his assumption of the Bank One boat debt was nondischargeable in his bankruptcy proceeding. Appellant argues that his agreement to assume such debt was a property settlement, not a support obligation, and is therefore dischargeable.

A Chapter 7 discharge in bankruptcy does not discharge a debtor from any debt to a spouse or former spouse for alimony, maintenance, or support in connection with a separation agreement or divorce decree as long as such obligation is actually in the nature of alimony, maintenance, or support. Section 523(a)(5)(B), Title 11, U.S.Code. The state courts and bankruptcy courts have concurrent jurisdiction to decide the dischargeability issue. *In re Richards* (S.D.Ohio 1991), 131 B.R. 76, 78.

In determining whether a debtor's obligation is in the nature of alimony, maintenance, or support, and consequently nondischargeable, the bankruptcy court must determine that (1) there was an intent to create a support obligation; (2) the obligation has the effect of providing support necessary to satisfy the daily needs of the former spouse and any children of the marriage; and (3) the amount of support represented by the obligation at issue is not so excessive that it is manifestly unreasonable under traditional concepts of support. *In re Calhoun* (C.A.6, 1983), 715 F.2d 1103, 1109–1110. If the court determines that the amount of the debtor's obligation is unreasonable, then the court must determine how much of the obligation is reasonable and therefore nondischargeable. *Id.* at 1110.

The label given to a particular obligation in a separation agreement or divorce decree is not dispositive of the nature of the obligation. *In re Swiczkowski* (N.D.Ohio 1988), 84 B.R. 487, 489. The court is required to examine the facts and circumstances of each case before determining the dischargeability of a debt. *Id.* Further, where a settlement agreement fails to provide for spousal support, "the court may presume that a so-called property settlement is intended for support, when circumstances indicate that the recipient spouse needs support." *In re Singer* (C.A.6, 1986), 787 F.2d 1033, 1035, citing *Shaver v. Shaver* (C.A.9, 1984), 736 F.2d 1314, 1316.

The record indicates that at the time of the dissolution proceedings, appellee was in need of support. Appellant was earning approximately $24,000 per year, while appellee was earning approximately $5 per hour. Appellee testified that she did not have the funds necessary to pay the joint debts accumulated by the parties during the marriage. Appellee also testified that she did not seek spousal support in exchange for appellant's agreement to liquidate and hold her harmless from the parties' debts. The debts which appellant agreed to assume relieved appellee of obligations which would have considerably reduced her ability to satisfy her daily needs. Thus, the separation agreement evidences an intent to create a support obligation necessary to satisfy the daily needs of appellee and the parties' minor child. See *Calhoun*, 715 F.2d at 1109–1110.

In addition, the amount of debt assumed by appellant was not unreasonable or excessive. *Id.* Appellant voluntarily executed the separation agreement and was not ordered to pay spousal support to appellee in lieu of his assumption of certain marital debts, including the debt owed to Bank One.

An appellate court reviews the factual determination of whether an obligation constitutes a nondischargeable support obligation for clear error and reviews legal conclusions *de novo*. *In re Perlin* (C.A.6, 1994), 30 F.3d 39, 40. In this case, the trial court found that the *Calhoun* test had been met and that the

assumption of the boat debt by appellant pursuant to the parties' separation agreement and dissolution decree was nondischargeable. Consequently, the trial court ordered appellant to pay appellee the sum of $7,500, which she had paid in satisfaction of the Bank One boat debt.

After a careful review of the record, we find that the trial court's decision determining that the Bank One boat debt was not dischargeable and ordering appellant to pay appellee the sum of $7,500 was not clearly erroneous. The record indicates that appellant's assumption of the Bank One boat debt was actually in the nature of alimony, maintenance, or support and is therefore a nondischargeable obligation. Accordingly, appellant's sole assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.