OPINION
{¶ 1} Plaintiff-appellant Troy A. Stonehill ("Troy") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Domestic Relations Division, granting his complaint for a divorce and making a division of marital property.
 {¶ 2} Troy and Julie Lynn Stonehill ("Julie") were married on December 31, 2002. Prior to the marriage, Julie had been injured at work and as a result, received a settlement of $129,000. At the time of the marriage, both parties had significant debt from before the marriage. Some of the settlement funds were used to pay Troy's premarital debt on his Mastercard in the amount of $25,187.00, his truck loan in the amount of $6,898.80, and his premarital debt on his American Express account in the amount of $5,536.00. On June 18, 2003, Troy filed a complaint for divorce claiming that the parties were incompatible. Julie admitted to the claim of incompatibility and a divorce was granted on December 24, 2003. In the divorce decree, the trial court ruled that the settlement was Julie's separate asset and that Troy must repay the amounts used to pay his premarital debt. Troy now appeals this judgment and raises the following assignments of error.
The trial court erred and abused its discretion by ordering[Troy] to repay [to Julie the] inter vivos gifts of non-maritalproperty given to him during the marriage.
 The trial court erred by entering a monetary judgment against[Troy] and then determining that the same is necessary for[Julie's] support and maintenance, and therefore is [not]dischargeable in bankruptcy.
 {¶ 3} In the first assignment of error, Troy claims that the money used to pay off his premarital debts was a gift from Julie to him and that he should not be required to repay it. The trial court has broad discretion in determining the character of property and its decision will not be reversed absent an abuse of discretion. Cimperman v. Cimperman, 8th Dist. No. 80807, 2003-Ohio-869. "The commingling of separate and marital property * * * does not destroy the character of the separate property unless its identity as separate property is not traceable." Id. at ¶ 9.
 {¶ 4} The facts in this case are undisputed that Julie was injured at work prior to the marriage. As a result of that injury, Julie received a settlement in the amount of $129,000. Some of the proceeds of the settlement, which was separate property, were used to pay some of Troy's premarital debt. Troy argues that the money was a gift from Julie to him. Julie testified that she agreed to pay Troy's bills, as well as her own because she was unable to work and she wanted to get rid of excess debt to make their married life easier. She further testified that she made the payments in expectation that Troy would continue to support her since she was unable to do so for herself. Julie expected this support to be a repayment of the funds used to pay Troy's debts. There was no question that Julie's separate property was used to pay Troy's premarital debt. The only issue that was before the trial court was whether Julie intended it to be a gift. The testimony before the trial court indicated that Julie only paid off the debt in expectation that the marriage would continue. Thus, the trial court did not err in concluding that Julie did not intend for the funds used to pay Troy's premarital debts to be a gift. The first assignment of error is overruled.
 {¶ 5} In the second assignment of error, Troy claims that the trial court erred in finding the funds necessary for the maintenance and support of Julie. The crux of Troy's argument is that if the debts were still for the credit cards and the truck, he could have discharged them in bankruptcy. Since the trial court is ordering him to repay the amounts and found that the funds were necessary for Julie's support, Troy cannot discharge them. Troy claims that he has been injured by the characterization and that a finding of more than $37,000 for maintenance is unreasonable for a 4 month marriage.
 {¶ 6} A discharge in bankruptcy does not discharge a debtor from any debt to a former spouse for maintenance in connection with a divorce decree. Ballinger v. Ballinger (1995),107 Ohio App.3d 358, 668 N.E.2d 979.
In determining whether a debtor's obligation is in the natureof alimony, maintenance, or support, and consequentlynondischargeable, the bankruptcy court must determine that (1)there was an intent to create a support obligation; (2) theobligation has the effect of providing support necessary to and(3) the amount of support represented by the obligation at issueis not so excessive that it is manifestly unreasonable undertraditional concepts of support.
Id. at 362. "[W]here a settlement agreement fails to provide for spousal support, `the court may presume that a so-called property settlement is intended for support, when circumstances indicate that the recipient spouse needs support.'" Id.
 {¶ 7} The record in this case indicates that Julie expended the funds she received from her workers' compensation settlement in expectation that Troy would support her. The record also indicates that due to the injury for which Julie received the settlement, she is no longer able to perform the same type of work and has seen a dramatic reduction in her earnings. Prior to the accident, Julie earned in excess of $90,000 per year. Currently, she is earning approximately $9,600 per year. Thus, the repayment was necessary to provide Julie with support and maintenance so that her daily needs can be met. Finally, the record reveals that although the marriage was of short duration, the amount to be paid is not unreasonable. Troy received a benefit in excess of $37,000 by the marriage in that he no longer had those debts and paid no interest on those debts for almost a year. By requiring Troy to repay Julie, the trial court made an equitable division of the property by reducing the benefit of the four month marriage to Troy and by making Julie whole.[1]
Thus, the amount is not unreasonable in spite of the short duration of the marriage. The second assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Allen County, Domestic Relations Division, is affirmed.
Judgment Affirmed.
 Shaw, P.J. and Cupp, J., concur.
[1] This court notes that Troy still received a benefit in the use of the money for almost a year without interest. Julie lost the use of that money and the interest for that same year. The fact that Troy could not discharge the debt in bankruptcy is a moot argument since there is no evidence that Troy had filed for bankruptcy.