OPINION
{¶ 1} Plaintiff-Appellant, Bruce Gamble ("Bruce"), appeals a judgment of the Hancock County Court of Common Pleas, granting his complaint for divorce and making a division of marital property. On appeal, Bruce contends that the trial court erred and abused its discretion in finding that Defendant-Appellee's, Dawn Gamble ("Dawn"), pre-marital payment of Bruce's debt constituted a loan as opposed to a gift. Finding that the trial court did not abuse its discretion, we affirm the judgment of the trial court.
 {¶ 2} Bruce and Dawn were married in Lexington, Kentucky, on June 9, 1996. Prior to marriage, in April of 1995, Dawn paid twelve thousand three hundred thirty-seven dollars and fourteen cents on Bruce's behalf (hereinafter referred to as "$12,337.14 premarital debt payment"). Bruce's debts resulted from obligations that he was ordered to pay pursuant to a prior Hancock County domestic relations case. Dawn paid this debt from funds she had obtained from the sale of her separate property.
 {¶ 3} In May of 2001, the complaint for a divorce was brought before a Hancock County magistrate. As part of its division of property, the magistrate found that the $12,337.14 premarital debt payment did not lose its characterization as Dawn's separate property and that, based on the circumstances at the time the debt was paid, if Dawn had not paid Bruce's debt they would not have been able to obtain financing to purchase a home. Accordingly, the magistrate found that because Dawn had no "real choice" but to pay off Bruce's debt, the $12,334.14 premarital debt payment could not be classified as a gift and, as such, Dawn was entitled to reimbursement. The magistrate also divided the Gamble's joint property.[1]
 {¶ 4} Subsequently, both Bruce and Dawn filed objections to the magistrate's decision with the Hancock County Court of Common Pleas. In January of 2004, the trial court ruled on the objections. The trial court overruled all objections raised by both Bruce and Dawn, including Bruce's objection to the magistrate's decision regarding the $12,337.14 premarital debt payment. Thereafter, the trial court filed a judgment entry of divorce, dissolving Bruce and Dawn's marriage contract and separating their property. Included in the judgment entry was an order for Bruce to re-pay Dawn the $12,337.14 premarital debt payment. It is from this judgment Bruce appeals, presenting the following assignment of error for our review.
The trial court erred and committed an abuse of discretionwhen it found that defendant's pre-marital payment of plaintiff'sseveral debt constituted an undocumented loan and not a gift tothe plaintiff in contemplation of marriage.
 {¶ 5} In the sole assignment of error, Bruce contends that the trial court erred in finding that the $12,337.14 premarital debt payment was not a gift and that Bruce must re-pay Dawn that amount.
 {¶ 6} In Stonehill v. Stonehill, 3d Dist. No. 1-04-02, 2004-Ohio-3022, this Court dealt with the issue of the payment of premarital debts. In Stonehill we noted that, "[t]he trial court has broad discretion in determining the character of property and its discretion will not be reversed absent an abuse of discretion." Id. at ¶ 3. We may not find an abuse of discretion unless the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} Herein, it is undisputed that Dawn used her separate property to pay the $12,337.14 of premarital debt for Bruce. Both Bruce and Dawn stipulated to and testified to that fact. Accordingly, the trial court correctly categorized the $12,337.14 premarital debt payment as separate property.
 {¶ 8} Thus, the only issue before the trial court was whether Dawn intended the premarital debt payment to be a gift. At the hearing, Bruce testified that at the time Dawn paid the premarital debt he was under a court order from his prior divorce proceedings to pay the $12,337.14. He went on to state that, regardless of his being under court order to make these payments, Dawn paid this debt on her own and never made any request for repayment. Conversely, Dawn testified that she paid the debt with money she obtained from the sale of her prior house and that Bruce requested that she pay his debt. Additionally she stated that at the time she paid the debt she and Bruce were trying to finance a house and that the bank had refused to give them a loan until Bruce's debt was paid because of a prior bankruptcy by Bruce. Finally, she testified that she and Bruce had discussed the issue of repayment several times; however, things eventually got to the point where Bruce denied that Dawn had made any payments on his behalf.
 {¶ 9} We cannot say that the trial court erred in finding that Dawn's payment of the $12,337.14 prior to the marriage for Bruce's debts was not a gift. The evidence presented supports the trial court's finding that Dawn did not freely make a gift to Bruce of the $12,337.14. Bruce was under court order to make the payment on the debt, he had a shaky economic history and they were in the middle of financing a home purchase.
 {¶ 10} In his objection to the magistrate's decision, Bruce, relying on Barkley v. Barkley (1997), 119 Ohio App.3d 155, argues that "it has been well settled for decades that property exchanged between husband and wife that is made without consideration is presumptively a gift." While Bruce correctly states the above principle of law, it is inapplicable to facts in this case. The trial court noted the following in its decision on the objections to the magistrate's decision, "* * * Barkley is inapplicable to the particular facts of this case because Mrs. Gamble gave the funds to Mr. Gamble prior to marriage. Barkley
stands only for the proposition that the party seeking to have property acquired by gift from a spouse during marriage deemed separate or non-marital bears the burden of proof by clear and convincing evidence."
 {¶ 11} On appeal, Bruce again makes this argument; however, he fails to cite any applicable law for his argument. Again, Bruce's reliance upon the above principle of law is misplaced. At the time Dawn paid the $12,337.14 premarital debt, she and Bruce were not married. Accordingly, the exchange of property was not made between husband and wife. Thus, there is no presumption that the exchange was a gift. So while Bruce does cite a well settled principle of law, it is inapplicable to the facts in his case.
 {¶ 12} Having found that the trial court did not abuse its discretion in finding that Dawn's payment of the $12,337.14 prior to marriage for Bruce's debts was not a gift, we overrule Bruce's sole assignment of error.
 {¶ 13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J. and Bryant, J., concur.
[1] The other issues of property division are not pertinent to this appeal.