DECISION AND JUDGMENT ENTRY
{¶ 1} Nancy Jo Ervin ("Wife") appeals the judgment of the Adams County Court of Common Pleas. Wife contends that the trial court erred and abused its discretion when it found that the $15,000 check she wrote to Ricky D. Ervin ("Husband") prior to their marriage constituted a gift and characterized it as Husband's separate property. Because we find that some competent, credible evidence supports the trial court's determination and the court's distribution is not arbitrary, unreasonable, or unconscionable, we disagree. Accordingly, we overrule Wife's assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} The parties married on February 23, 2003. Husband filed a complaint for divorce on January 14, 2004.
 {¶ 3} Prior to the marriage, on August 3, 2002, Wife wrote a personal check to Husband for $15,000. Wife wrote the word "gift" on the memo line of the check. Four days later, Husband wrote a $15,000 check to his then-wife, Dena Stevens, in order to buy out her interest in land jointly owned by Husband and Stevens.
 {¶ 4} Husband and Wife both testified at a divorce hearing before a magistrate. At the hearing, the court admitted into evidence thirty-six exhibits, including a copy of the $15,000 check written by Wife, that Husband produced to support his testimony relating to marital versus non-marital property. Wife did not produce any exhibits in support of her testimony. The magistrate issued a decision with findings of fact and conclusions of law. The magistrate found, in pertinent part, that the $15,000 Wife gave Husband prior to their marriage constituted a gift.
 {¶ 5} Wife timely filed objections to the magistrate's decision. Husband filed a memorandum in opposition to Wife's objections. The trial court considered Wife's objections and noted in its judgment entry that it "strongly considered" the issue of whether Wife's $15,000 check to Husband constituted a gift or a loan. The court concluded that the $15,000 exchange of funds between Wife and Husband was a gift that became Husband's separate property, which the court could not order Husband to repay Wife in the division of marital property. Thus, the court overruled Wife's objection to the magistrate's decision regarding the $15,000.
 {¶ 6} Wife timely appeals, asserting the following assignment of error: "The trial court erred and committed an abuse of discretion when it found that defendant's pre-marital payment of plaintiff's debt to his former spouse constituted a gift from defendant [and] was not a loan."
 II. {¶ 7} In her only assignment of error, Wife contends that the trial court both erred and abused its discretion when it found that the $15,000 check she gave to Husband prior to the marriage was a gift that became Husband's separate property.
 {¶ 8} We review the overall appropriateness of the trial court's property division in a divorce proceeding under an abuse of discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348. However, the characterization of property as separate or marital is a mixed question of law and fact, not a discretionary matter. Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159. Hence, we review the determination regarding the proper characterization of property under the manifest weight of the evidence standard. Id., citing Wylie v. Wylie (May 30, 1996), Lawrence App. No. 95CA18; Miller v. Miller (Dec. 1, 1993), Washington App. No. 93CA7.
 {¶ 9} We will not reverse the trial court's judgment as being against the manifest weight of the evidence if the court's judgment is supported by some competent, credible evidence. Sec.Pacific Natl. Bank v. Roulette (1986), 24 Ohio St.3d 17, 20;C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent a reversal. Barkley at 159. A reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony.In re Jane Doe I (1991), 57 Ohio St.3d 135; see, also, SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
 {¶ 10} Once the court makes the determination of whether property is marital or separate property, we review the actual distribution of the asset under the more deferential abuse of discretion standard. Kelly v. Kelly (1996),111 Ohio App.3d 641, 643, citing R.C. 3105.171(D). An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying this standard of review, we may not freely substitute our judgment for that of the trial court. In re Jane Doe I,
supra, at 137-138; Berk v. Matthews (1990), 53 Ohio St.3d 161,169. Instead, we must view property division in its entirety, consider the totality of the circumstances, and determine whether the trial court abused its discretion when dividing the parties' marital assets and liabilities. Briganti v. Briganti (1984),9 Ohio St.3d 220, 222.
 {¶ 11} Pursuant to R.C. 3105.171(B), the trial court must determine what constitutes marital property and what constitutes separate property and divide both marital and separate property equitably between the parties. The court shall disburse a spouse's separate property to that spouse, unless: (1) the court finds that the property is subject to one of the statutory exceptions outlined in R.C. 3105.171(E), or (2) the court makes "written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse." R.C.3105.171(D).
 {¶ 12} R.C. 3105.171(A)(6)(a)(ii) provides that separate property includes "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." Under this rule, the $15,000 is Husband's separate property because he acquired it prior to the date of marriage. Wife contends that the money was merely a loan, and that she is entitled to reimbursement.
 {¶ 13} A donee bears the burden of proving the existence of an inter vivos gift by clear and convincing evidence. In reFife's Estate (1956), 164 Ohio St. 449, 456. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations [or issues] sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt * * *." Cross v. Ledford
(1954), 161 Ohio St. 469, 477.
 {¶ 14} The existence of an inter vivos gift is ordinarily a question of fact. Wheeler v. Martin, Washington App. No. 04CA15, 2004-Ohio-6936, at ¶ 16. We give deference to the trial court as the trier of fact because it is best able to observe the witnesses and weigh the credibility of their testimony. SeasonsCoal Co., supra. If some competent, credible evidence going to all of the essential elements of the case supports a decision, we will not reverse it as being against the manifest weight of the evidence. Masitto v. Masitto (1986), 22 Ohio St.3d 63, 66;C.E. Morris Co., supra.
 {¶ 15} The requisite elements of a valid inter vivos gift include: "(1) intent on the part of the donor to make an immediate gift of particular property to the donee and to part with dominion and control over the subject of the gift; (2) delivery of the subject of the gift; and (3) acceptance of the gift." Wheeler, supra, at ¶ 14. Here, Wife disputes the trial court's finding that she intended to make a gift of $15,000 to Husband.
 {¶ 16} Husband and Wife both cite Gamble v. Gamble, Hancock App. No. 5-04-14, 2004-Ohio-4700, to support their opposing positions regarding whether the $15,000 that Wife gave to Husband was a gift that became his separate property. In Gamble, one year prior to the parties' marriage, the wife used her separate funds to pay off the husband's debt of more than $12,000. At the time, the husband was under court order to pay off the debt. Evidence at the divorce hearing showed that, if the wife had not paid off the husband's debt, they would not have obtained financing to purchase a home. Based upon these facts, the court found that the wife did not "freely" pay off the husband's debt, and therefore found that it could not classify the premarital debt payment as a gift. Gamble at ¶ 9. The Gamble court distinguished the longstanding principle of law that property exchanged between a husband and wife without consideration is presumptively a gift, ruling that the presumption does not apply if the exchange occurs prior to the marriage. Id., at ¶ 10.
 {¶ 17} Here, the trial court noted that Wife did not produce any evidence that she had no "real choice" but to give Husband the $15,000. Unlike in Gamble, here Wife did not produce evidence that Husband was obligated to pay a $15,000 debt, or instead merely wished to purchase the subject land. Wife did not produce any evidence that Husband and Wife could not otherwise obtain financing to acquire a marital home. Additionally, we can hardly overstate the value of the evidence that Wife personally wrote the check and wrote the word "gift" on the memo line of the check. We find that this written notation, combined with Wife's failure to produce evidence that she did not freely choose to give the money to Husband, constitutes some competent, credible evidence that Wife intended the $15,000 as a gift to Husband. Therefore, the trial court did not err in concluding that the $15,000 was a gift.
 {¶ 18} Wife does not provide any argument in support of her contention that the trial court abused its discretion in distributing Husband's separate property to him or in otherwise equitably dividing separate and marital property. Instead, she devotes the entirety of her argument to her contention that the court erred in classifying the $15,000 as Husband's separate property.
 {¶ 19} As we noted above, a court generally "shall" disburse a spouse's separate property to that spouse, absent certain exceptions or findings. R.C. 3105.171(D). We find that the trial court here properly designated the $15,000 as Husband's separate property, and Wife sets forth no argument regarding any exception to this general rule. Given these considerations, when viewing the property division in its entirety and considering the totality of the circumstances, we cannot find that the trial court abused its discretion.
 {¶ 20} Because we find that the trial court neither erred nor abused its discretion when it classified the $15,000 as a separate property and distributed it to Husband, we overrule Wife's assignment of error.
 {¶ 21} Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.